UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LOUIS WILBERT BOYD, JR.                                CIVIL ACTION

VERSUS                                                 NO. 09-7642

KELLY LASHER ET AL.                                    SECTION "J" (2)

# REPORT AND RECOMMENDATION

Plaintiff, Louis Wilbert Boyd, Jr., is a pretrial detainee currently incarcerated in the Nelson Coleman Correctional Center in Killona, Louisiana. He is awaiting trial in this court on various charges asserted against him in an indictment returned on March 5, 2009. United States v. Boyd, Crim. No. 09-63 "R"(5). The pending charges include cocaine possession and distribution, felon in possession of a firearm, and possession of firearms in furtherance of drug trafficking. His criminal trial is set to occur in this court on March 1, 2010. Id. at Record Doc. No. 41.

In the above-captioned civil case, filed pro se and in forma pauperis on a form used by prisoners to assert complaints in this district pursuant to 42 U.S.C. § 1983, Boyd alleges that he was unconstitutionally denied bail in connection with his pending federal criminal case. Although the caption of his complaint identifies six (6) named defendants and two (2) unidentified "Doe" defendants, the only allegations made in this complaint are against defendant United States Magistrate Judge Louis Moore, Jr.

As to Magistrate Judge Moore, Boyd alleges that the magistrate judge "abused his discretion by denial of petitioner's right to bail and equal protection of the law as other accused are allowed on bail who face 100 times more time than defendant. By denial of bail the presumption of innocent (sic) is being violated. Petitioner is being denied liberty without 'due process.' Serving a sentence without judication (sic) of guilty by plea or jury. Refuse bail for unconstitutional 'crack' statute." Record Doc. No. 1 (Complaint at ¶ IV).

In the relief portion of his complaint, Boyd requests only equitable or injunctive relief, specifically that the court "order Judge Moore to stop violating my rights to bail and release petitioner or post non-excessive bail . . . and to not charge or suspend charges of 'crack' offenders until unconstitutional law change." Id. at ¶ V. No request for damages is asserted. No allegations of any kind are made in this complaint against any named defendant, other than Magistrate Judge Moore.

Within one week of the date on which Boyd filed the above-captioned civil lawsuit, he filed seven (7) other civil complaints pursuant to Section 1983, including six (6) on the same day. In all seven (7) suits, he named the same multiple defendants. Those suits are C.A. Nos. 09-7508 "R"(2), 09-7639 "I"(3), 09-7641"I"(2), 09-7643 "A"(1), 09-7645 "C"(5), 09-7646 "I"(2) and 09-7647 "I"(5). It is clear from a review of the total of eight (8) complaints filed by Boyd in December 2009, however, that the

2

particular allegations made against specific defendants are in fact segregated in each separate complaint and that Boyd's attempt to name <u>all</u> defendants in <u>all</u> of his suits is duplicative and redundant.

Specifically, (1) the only allegations against Magistrate Judge Moore are made in the above-captioned complaint, C.A. No. 09-7642 "J"(2), and no other case; (2) the only allegations against Judge Vance are made in C.A. No. 09-7643 "A"(1) and no other case; (3) the only allegations against Judge St. Pierre are made in C.A. No. 09-7645 "C"(5) and no other case; (4) the only allegations against United States Marshal's deputy Kelly Lasher are made in C.A. No. 09-7508 "R"(2) and no other case; (5) the only allegations against Diane Rushing are made in C.A. No. 09-7641 "I"(2) and no other case; (6) all claims concerning the alleged failure of a deputy United States marshal or other prison official to transport Boyd to his sister's funeral are asserted in C.A. No. 09-7646 "I"(2) and no other case; (7) all claims concerning various conditions of Boyd's confinement at Nelson Coleman Correctional Center against officials of that prison, including Warden John Nowak (identified by plaintiff as "Maj Nowack") and an unidentified medical director, are made in C.A. Nos. 09-7639 "I"(3) and 09-7647 "I"(5) and no other case.

**ANALYSIS**

I.  STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim. 28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest

4

which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's Section 1983 complaint must be dismissed either under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1]

## II. JUDICIAL IMMUNITY

Plaintiff's claim against Judge Moore is barred by judicial immunity. For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing Bradley v. Fisher, 80 U.S. 335 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11. Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. Id. at 111; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990); Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988).

In the past, however, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a judge in his official capacity. Guerin v. Higgins,

No. 00-0244, 2001 WL 363486, at *1 (2d Cir. 2001) (unpublished); Nollet v. Justices, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal judge to declaratory relief). Thus, injunctive relief is not available to Boyd in this Section 1983 action against Magistrate Judge Moore. Tesmer v. Granholm, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F. Supp. 2d at 210.

Boyd's claims against Magistrate Judge Moore concern actions that are exclusively within the scope of the judge's role as a judicial officer and therefore within his jurisdiction. Consequently, the doctrine of absolute judicial immunity bars Boyd's suit for equitable or injunctive relief against Magistrate Judge Moore. For these reasons, all of Boyd's claims against Judge Moore must be dismissed as legally frivolous or for failure to state a claim for which relief can be granted.

### III.     HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS

Even if the doctrine of judicial immunity did not exist to bar this complaint, Boyd's Section 1983 claim that he has been improperly denied bond as he awaits trial on a criminal charge must be dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of criminal confinement, which has not been reversed,

expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiff's claims are clearly connected to the validity of his present confinement. Heck, 512 U.S. at 479; Arnold v. Town of Slaughter, No. 03-30941, 2004 WL 1336637, at *3-4 (5th Cir. June 14, 2004); Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). The charges as to which he seeks release on bond in this case remain pending against him, and they have not been set aside

in any of the ways described in Heck. Thus, any claims that plaintiff asserts concerning his current incarceration are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of plaintiff's claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

IV.     DUPLICATIVE CLAIMS

A prisoner's in forma pauperis complaint must be dismissed if it is found to be malicious. 28 U.S.C. § 1915(e)(2)(B)(i). Duplicative and repetitive lawsuits are malicious for purposes of Section 1915. Potts v. Texas, No. 08-41177, 2009 WL 3806073, at *1 (5th Cir. Nov. 13, 2009) (citing Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)); McBarron v. Federal Bureau of Prisons, 332 Fed. Appx. 961, 2009 WL 1659221, at *1 (5th Cir. June 15, 2009). A prisoner's in forma pauperis complaint which is frivolous, malicious or fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, the remainder of plaintiff's complaint – to whatever extent, if any, it names defendants other than Magistrate Judge Moore, without providing any allegations whatsoever against those other defendants – must be dismissed under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e(c)(1), because it is in part malicious and repetitive of the

9

same claims asserted in other cases filed in this court and because the remainder of the complaint makes no allegations against any defendant other than Magistrate Judge Moore, and therefore fails to state a claim upon which relief can be granted under Rule 12(b)(6).

Specifically, plaintiff's identification in the caption of his complaint in this case of defendants Lasher, Nowack, Rushing, Vance, St. Pierre and various "Doe" defendants is apparently duplicative of the same claims he has asserted in C.A. Nos. C.A. Nos. 09-7508 "R"(2), 09-7639 "I"(3), 09-7641"I"(2), 09-7643 "A"(1), 09-7645 "C"(5), 09-7646 "I"(2) and 09-7647 "I"(5), all of which are still pending in this court.[2]

Plaintiff has filed the instant action as a pauper under 28 U.S.C. § 1915. As noted above, an in forma pauperis complaint must be dismissed if it is found to be malicious. 28 U.S.C. § 1915(e)(2)(B)(i). Duplicative and repetitive lawsuits are malicious for purposes of Section 1915. Potts, 2009 WL 3806073, at *1; McBarron v. Federal Bureau of Prisons, 332 Fed. Appx. 961, 2009 WL 1659221, at *1; Pittman, 980 F.2d at 994-95. When dealing with a duplicative or repetitive suit that remains pending and has not yet been dismissed, "[t]he Court may either consolidate the two actions or dismiss the instant action without prejudice to plaintiff pursuing his other case, 'including any assertions

---

[2]Although reports and recommendations have been filed in C.A. Nos. 09-7643 A(1), 09-7645 C(5) and 09-7647 I(5), no final action has been taken by the court in those cases as of the date of issuance of my report and recommendation in the instant case.

therein of any of the claims in the instant suit.'" McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL 21355439, at *1-2 (N.D. Tex. June 6, 2003) (quoting Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989); Pittman, 980 F.2d at 994, 994-95; Ellis v. American Express Life Ins. Co., 211 F.3d 935, 938 n.1 (5th Cir. 2000)), report & recommendation adopted, 2003 WL 21467745 (N.D. Tex. June 18, 2003); accord Parker v. Fort Worth Police Dep't, 980 F.2d 1023, 1026 (5th Cir. 1993); Pittman, 980 F.2d at 995. Thus, I recommend that to whatever extent, if any, that Boyd seeks to name Lasher, Nowack, Rushing, Vance, St. Pierre and various "Doe" defendants in the captioned lawsuit, that any such claims against those defendants be dismissed without prejudice, so that they may be considered in Boyd's other lawsuits, while his claims against Magistrate Judge Moore are dismissed with prejudice for the reasons set out above.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 against Magistrate Judge Louis Moore, Jr., be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER RECOMMENDED** that Boyd's claims against Kelly Lasher, Warden John Nowak (identified by plaintiff as "Maj Nowack"), Diane Rushing, Judge

Sarah S. Vance and Judge Emile St. Pierre, to whatever extent, if any, he asserts claims against them in this lawsuit, be **DISMISSED WITHOUT PREJUDICE** as malicious or duplicative, so that they may be addressed in Boyd's other suits.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[3]

New Orleans, Louisiana, this ___8th___ day of January, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.